Walter L. HARVEY, Plaintiff—Appellant,

v.

John M. O'QUINN, et al., Defendants—Appellees.

No. 01–17247.

D.C. No. CV–97–00822–JAT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 2003.

Decided Feb. 20, 2003.

Before SCHROEDER, Chief Judge, NOONAN and CLIFTON, Circuit Judges.

MEMORANDUM *

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Walter L. Harvey appeals several orders from the district court for the District of Arizona, which ultimately dismissed his case. The district court declined to entertain his complaint on the merits, instead ordering him to proceed with arbitration in Houston, Texas, pursuant to a contractual arbitration clause, and subsequently refused to consider his motion to vacate or set aside the award that resulted from the arbitration, requiring that review to take place in the Southern District of Texas.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the facts, we recite them only as necessary.

The tangled procedural problems posed by this case were made more difficult because the law governing one of the key issues changed during the pendency of the dispute. In particular, the Arizona district court's decision not to hear Harvey's post-arbitration motion was incorrect insofar as it was based on our decision in *United States v. Ets–Hokin Corp.*, 397 F.2d 935, 938–39 (9th Cir.1968) (post-arbitration motions must be brought in the district where the arbitration occurred), since that precedent was subsequently overruled by *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 120 S.Ct. 1331, 146 L.Ed.2d 171 (2000) (allowing motions to be brought anywhere). Through no fault of his own, that change had the effect of preventing Harvey from obtaining review of the arbitration award by the federal district court in Arizona, the forum that Harvey preferred.

Nonetheless, in the meantime, Harvey's claims were disposed of by the arbitration award, which was confirmed by the district court in Texas. The decision of the Texas district court was subsequently affirmed by the Fifth Circuit. No reason has been given why those courts were not competent to adjudicate the matter. Appellees

argue that Harvey's claims are now barred by res judicata, and thus that this appeal should be dismissed. We agree.

Under the federal law of res judicata, a final judgment on the merits precludes the parties from relitigating issues that were or could have been raised in the prior action. *See Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Under the Federal Arbitration Act, a judgment that results from court confirmation of an arbitration award has "the same force and effect" as any other final judgment on the merits. 9 U.S.C. § 13.

The Texas federal district court confirmed the award, and that final judgment is entitled to preclusive effect. Accordingly, the appeal is rendered moot, and must be DISMISSED.